IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

TAM LY and CHUI K. YU,            )
                                         )
        Plaintiffs,            )    TC-MD 150380C
                                           )
        v.                      )
                                         )
DEPARTMENT OF REVENUE,    )
State of Oregon,                )    **ORDER DENYING DEFENDANT'S**
                                         )    **MOTION FOR SUMMARY**
        Defendant.           )    **JUDGMENT**

This matter is before the court on Defendant's Motion for Summary Judgment, filed January 27, 2016. Plaintiffs' appeal from a Notice of Deficiency, dated June 17, 2014, for the 2011 tax year. Defendant increased Plaintiffs taxable income by $12,583 for "Pension/Annuities (Taxable)". Plaintiffs stated in their Complaint that the income was "rolled over [to an] IRA account" and was "not an early distribution[.]" The parties filed a Stipulation as to Material Facts on January 21, 2016. On January 27, 2016, Defendant filed its Motion for Summary Judgment. As of the date of this Order, the court has received no response or other communication from Plaintiffs.

I. STATEMENT OF FACTS

During tax year 2011 three transactions were made regarding Plaintiffs' IRA rollover from Fidelity to Allianz. (Stip Facts at 1.)

"A direct transfer was made on 5/31/2011 from Fidelity to Allianz in the amount of $5,412.30."[1] (*Id*.)

_____

[1] Both parties refer to the transfers in their documents as being either "indirect" or "direct" transfers. Those terms do not appear in the Code, but aptly describe the events by reference to whether the funds went from one IRA to another directly, or were distributed (withdrawn) from an IRA to the taxpayer and then later paid (deposited) into another IRA.

"[D]efendant determined that an indirect transfer was made on 4/13/2011 from Fidelity to [Plaintiffs] then to Allianz in the amount of $5,000." (Stip Facts at 2.) "[P]laintiff[s] representative asserts that [the $5,000] was a contribution not an indirect transfer." (*Id.*)

"A second indirect transfer was made on 7/28/2011 from Fidelity to [Plaintiffs] then to Allianz in the amount of $12,583.27." (*Id.*)

Defendant asserts that under IRC 408(d)(3)(B) "an individual is permitted to make only one nontaxable 60-day rollover between IRA's in any one-year period." (Def's Mot Summ J at 2.) Defendant states that Plaintiffs implemented their first indirect IRA rollover on April 13, 2011, and their second indirect IRA rollover on July 28, 2011. (*Id.*) Accordingly, Defendant argues Plaintiffs did not satisfy the one-year limitation requirement of IRC 408(d)(3)(B) and that their second IRA rollover on July 28, 2011 is taxable. (*Id.*) Plaintiffs provided ample supporting documentation for the July 28, 2011, transaction, including statements for Fidelity and Allianz and cancelled checks from both Fidelity and Plaintiff Tam Ly (Ly) showing that Ly received a check from Fidelity Brokerage Services LLC on July 28, 2011, for $12,583.27 which she then deposited with in her Allianz account on August 19, 2011. (Ptfs Ltr, Nov 12, 2015.)

II. ANALYSIS

The issues in this case are (1) whether the deposit made on April 13, 2011, in the amount of $5,000 was a contribution or a nontaxable IRA rollover, and (2) whether the rollover made on July 28, 2011, in the amount of $12,583.27 is taxable.

A.    *Tax Treatment of IRA Rollovers*

The general rule under IRC 408(d)(1) is that distributions from qualified retirement plans are includible in gross income by the payee or distributee.[2] However, an individual can exclude

---

[2] All references to Internal Revenue Code (IRC) and accompanying regulations are to the 1986 code, and include updates applicable to 2011.

from gross income any amount distributed to the individual from their IRA if the individual deposits the entire distributed amount into another qualifying IRA within 60 days of the distribution date. IRC 408(d)(3)(A). "Such distributions and repayments are commonly referred to as 'rollover contributions.' " *Bobrow v. Comm'r*, 107 TCM (CCH) 1110 (2014), 2014 WL 303234 at *3 (citing § 408(d)(3)). Because these rollover contributions are excluded from gross income, they are nontaxable.

IRC 408(d)(3)(B) limits a taxpayer to one nontaxable 60-day rollover in a one-year period with regard to IRAs and individual retirement annuities. *Bobrow*, 2014 WL 303234 at *3. IRC Section 408(d)(3)(B) provides:

> "This paragraph [regarding tax-free rollovers] does not apply to any amount * * * received by an individual from an individual retirement account * * * if at any time during the 1–year period ending on the day of such receipt such individual received any other amount * * * from an individual retirement account * * * which was not includible in his gross income because of the application of this paragraph."

As the court in *Bobrow* noted, "the one-year limitation period [in section 408(d)(3)(B)] begins on the date on which a taxpayer withdraws funds from an IRA or individual retirement annuity and has no relation to the calendar year." *Id*.

In this case, Defendant asserts that Plaintiffs made two indirect IRA rollovers from Fidelity to Plaintiffs then to Allianz. The first was on April 13, 2011, and under IRC section 408(d)(3)(B) the one year period began on that date. (Def's Mot for Summ J at 2.) Defendant insists "[P]laintiffs then implemented their second IRA rollover on July 28[th], 2011 * * * well before the end of the one year period, * * * [and because they] did not satisfy the 1-year limitation requirement in IRC 408(d)(3)(B) * * * the IRA rollover on July 28[th], 2011 * * * is a taxable event." (*Id*.)

/ / /

Plaintiffs assert that the April 13, 2011, transfer was not an indirect IRA transfer, but rather a contribution. Thus, Plaintiffs argue that the transfer made July 28, 2011, was the first nontaxable IRA rollover made within the one-year period, not a second rollover. As such, assert Plaintiffs, the July 28, 2011, rollover is nontaxable.

The parties were unable to agree on the characterization of the April 13, 2011, deposit and there is no evidence on the source of those funds. The July 28, 2011, rollover is well documented.

B.     *Standard for Summary Judgment*

Tax Court Rule 47 (TCR 47) addresses the standard for summary judgement. TCR 47 provides that:

> " * * * The court will grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is *no genuine issue as to any material fact* and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. * * *"

(emphasis added).

A material fact is one "one that, under applicable law, might affect the outcome of a case." *Zygar v. Johnson*, 169 Or App 638, 646, 10 P3d 326 (2000). The court reviews the evidence offered by both the moving and nonmoving parties. *See Metropolitan Prop. and Cas. v. Harper*, 168 Or App 358, 363, 7 P3d 541 (2000).

There is no evidence concerning the $5,000 April 13, 2011, deposit into Allianz. That is a material fact about which the court must have some evidence in order to determine if there was an attempted impermissible second IRA rollover in the applicable one-year period found in IRC section 408(d)(3)(B). It will also establish when the one-year period commenced; April 13,

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 150380C                                                                          4

2011, or July 28, 2011. The answer to those intertwined questions will determine whether the July 28, 2011, rollover was a taxable event, as Defendant asserts.

## III. CONCLUSION

The court concludes that because Plaintiffs and Defendant do not agree as to the characterization of the April 13, 2011, transaction and no evidence has been provided to support the facts surrounding the origination of the April 13, 2011, deposit into Plaintiffs' Allianz IRA, under TCR 47 this court cannot grant Defendant's Motion for Summary Judgment because there are genuine issues as to a material fact. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that, within 21 days of the date this Order is issued, the parties shall submit either a stipulated agreement, additional documentation regarding the April 13, 2011, transaction sufficient for the court to determine its character, or three mutually agreed-upon trial dates. Barring receipt of one of those three options, the court will set the matter for trial at its convenience.

Dated this ____ day of July 2016.

DAN ROBINSON
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was filed and entered on July 14, 2016.*